UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH CHANG,<br><br>*Plaintiff*,<br><br>v.<br><br>MICHAEL CHANG,<br><br>*Defendant*. | Case No. 25-CV-4917<br><br>(Removed from the Supreme Court of the State of New York, County of New York Index No. 653496/2025) |

## NOTICE OF REMOVAL

Defendant Michael Chang, by and through undersigned counsel, removes the above-captioned action from the Supreme Court of the State of New York, County of New York, to the United States District Court for the Southern District of New York, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and states:

### BACKGROUND

1.  On June 9, 2025, Plaintiff Sarah Chang commenced an action in the Supreme Court of the State of New York, County of New York, styled as *Sarah Chang v. Michael Chang*. (It has been assigned Index No. 653496/2025.) She did so by filing a motion for summary judgment, in lieu of a complaint, pursuant to the summary procedures set forth in section 3213 of the New York State Civil Practice Law and Rules. A true and correct copy of all papers filed in the state court action are attached as Exhibit A. *See* 28 U.S.C. § 1446(a). To date, none have been served on Defendant.

2.  In her motion, Plaintiff—who is Defendant Michael Chang's sister—alleges that the two of them entered into an agreement during Defendant's "childhood and young adulthood" that she would lend him a substantial sum of money for his "tuition for middle school, high school

1

and five years at university." Ex. A, Mem. of Law at 4. She alleges that both parties "understood the money to be a loan." *Id.* at 5. According to her motion, the total amount due on the loan was $2 million, to be paid in 300 monthly installments of $6,666.67. *See id.* Plaintiff alleges that Defendant has failed to "at least six payments . . . totaling approximately $40,000.02," and that "with each passing month that Defendant fails to pay . . . [she] continues to incur damages of $6,666.67 per month." *Id.* at 5 & n.1.

## BASIS FOR REMOVAL

3. Defendant Michael Chang removes this action pursuant to 28 U.S.C. § 1441. Removal under 28 U.S.C. § 1441(b) is proper because this Court would have had original jurisdiction over this action under 28 U.S.C. § 1332.

4. There is complete diversity of citizenship between the parties. As alleged by Plaintiff in her motion, Plaintiff Sarah Chang is a resident and domiciliary of Villanova, Pennsylvania. *See* Ex. A, Mem. of Law at 4. And Defendant Michael Chang is a resident and domiciliary of New York. *See id.*

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000. To determine the amount in controversy, courts look to the plaintiff's state court filings. *See, e.g.*, *DiTolla v. Doral Dental IPA of N.Y.*, 469 F.3d 271, 276 (2d Cir. 2006). Here, Plaintiff seeks to enforce a promissory note for $2 million, under which Defendant allegedly agreed to pay her monthly payments of $6,666.67 for 300 consecutive months, from January 2023 to December 2047. *See* Ex. A, Aff. of Sarah Chang ¶ 6. Plaintiff seeks a judgment for six "overdue" payments, plus more for "each month that Defendant continues to decline payment." Ex. A, Mem. of Law at 4. All in all, Defendant is alleged to owe Plaintiff more than $1.8 million.

6. Removal is proper despite 28 U.S.C. § 1441(b)(2)'s limitation on removal by defendants who are "citizens of the State in which such action is brought" because Defendant Michael Chang (who is a citizen of New York) has not yet been "properly joined and served." The Second Circuit has instructed that § 1441(b)(2)'s bar on removal is "inapplicable until a home-state defendant has been served in accordance with state law." *Gibbons v. Bristol-Meyers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019). Because Michael Chang has not yet been served, removal remains "authorized by the text of Section 1441(b)(2)." *Id.*; *see also Uzoigwe v. Charter Comm'ns, LLC*, No. 24-1339, 2025 WL 1257578 (2d Cir. May 1, 2025) (case was "removable because [the in-state defendant] had not yet been properly served" (internal quotation marks omitted)).

7. Plaintiff commenced this action in New York County Supreme Court on June 9, 2025. (As of the date of filing, Plaintiff has not served Defendant Michael Chang.) Accordingly, this Notice of Removal is timely filed. *See* 28 U.S.C. § 1446(b)(1).

8. Venue in this Court is proper under 28 U.S.C. § 1441(a) because the state court action is pending in the Supreme Court of the State of New York, County of New York, which is located within the geographic jurisdiction of this Court.

9. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly serve written notice of this removal on Plaintiff's counsel and file a copy of this Notice with the state court clerk.

10. Defendant reserves all rights, defenses, and objections, including those under Federal Rule 12, none of which are waived by this removal.

**WHEREFORE**, Defendant Michael Chang therefore respectfully gives notice that the above-captioned action pending in the New York Supreme Court, New York County, is removed to this Court.

Dated: June 11, 2025                               Respectfully submitted,

                                         _____/s/ Isaac Park_____

                                         Isaac Park
                                         Law Offices of Isaac Park, LLC
                                         5 Minetta St. #4C
                                         New York, NY 10012
                                         Telephone: (901) 831-7177
                                         isaac@parklaw.org

                                         *Attorney for Defendant*