UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH CHANG,<br><br>*Plaintiff*,<br><br>v.<br><br>MICHAEL CHANG,<br><br>*Defendant*. | Case No. 25-CV-4917 (PAE)<br><br>Hon. Paul A. Engelmayer |

**ANSWER AND COUNTERCLAIM**

Defendant Michael Chang, by undersigned counsel, answers Plaintiff Sarah Chang's Notice of Motion for Summary Judgment in Lieu of Complaint (the "Initial Pleading") as follows:

**ADMISSIONS AND DENIALS**

Because the Initial Pleading is not set out in numbered paragraphs, Defendant generally denies all allegations contained in the Initial Pleading except those specifically admitted below. *See* Rule 8(b)(3). All denials and defenses are based on present knowledge and may be amended.

1. Michael Chang admits that he and Sarah Chang are brother and sister.

2. Michael Chang admits that he is a resident of New York.

3. Michael Chang admits that a document purporting to be a promissory note (the "Note"), attached as Exhibit A to the Initial Pleading, bears his signature.

4. Michael Chang admits that he has made twenty-three payments of $6,666.67 to Sarah Chang, once a month, from January 2023 to November 2024.

1

## DEFENSES

### FIRST DEFENSE:  FAILURE TO STATE A CLAIM

The Initial Pleading fails to state a claim upon which relief may be granted.  Defendant reserves the right to seek judgment on the pleadings or summary judgment on this basis pursuant to Fed. R. Civ. P. 12(c) and 56.

### SECOND DEFENSE:  INSUFFICIENT PROCESS AND SERVICE OF PROCESS

Plaintiff did not effect service in the manner required by Federal Rule 4 or N.Y. CPLR § 308; the summons and papers are therefore defective, and service of process in this matter is defective.  *See* Fed. R. Civ. P. 12(b)(4), 12(b)(5).

### THIRD DEFENSE:  DONATIVE INTENT (NO ENFORCEABLE LOAN)

To the extent Plaintiff paid for any of Defendant's education, she did so with the intent to give a gift, not to extend a loan.  Thus, Defendant faces no legally enforceable obligation to pay.

### FOURTH DEFENSE:  LACK OF CAPACITY

At the time the parties entered into their purported agreement, Defendant was a minor and therefore lacked capacity to enter a binding contract.

### FIFTH DEFENSE:  LACK OF CONSIDERATION (PAST CONSIDERATION)

The purported consideration for the alleged promissory note was wholly antecedent to, and separate from, the note itself.  Past acts do not serve as valid consideration unless the promise is in writing and expressly states the past consideration that was given.  This Note does not sufficiently recite the past consideration that was given.

### SIXTH DEFENSE:  WAIVER

By words, conduct, or course of dealing, Plaintiff intentionally relinquished any right to enforce the obligation now asserted.

### SEVENTH DEFENSE:  ESTOPPEL

Plaintiff's own representations and conduct led Defendant reasonably to rely to his detriment; equity therefore precludes Plaintiff from asserting the claims now raised.

### EIGHTH DEFENSE:  UNCLEAN HANDS

Plaintiff seeks equitable relief while having engaged in inequitable conduct regarding the same transaction; equity therefore bars the claim or limits any equitable remedy.

### NINTH DEFENSE:  UNCONSCIONABILITY

The purported note is procedurally and substantively unconscionable and should not be enforced.

### TENTH DEFENSE:  STATUTE OF FRAUDS

The alleged promissory note is unenforceable because it does not comply with New York's Statute of Frauds.  *See* N.Y. GOL § 5-701.

### ELEVENTH DEFENSE:  SET-OFF

Any recovery must be reduced by sums that Plaintiff owes Defendant on related transactions, entitling Defendant to set-off or recoupment.

### RESERVATION OF RIGHTS

Defendant reserves the right to amend this Answer to assert additional defenses or counterclaims as they become known during discovery.

## COUNTERCLAIM

Defendant Michael Chang, by undersigned counsel, asserts a counterclaim against Plaintiff Sarah Chang and alleges as follows:

### PARTIES

1. Counterclaim Plaintiff Michael Chang is an individual who is a domiciliary and citizen of New York.

2. Counterclaim Defendant Sarah Chang is an individual who, on information and belief, is a domiciliary and citizen of Pennsylvania.

### JURISDICTION AND VENUE

3. This Court possesses original diversity jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity, and the face amount of the promissory note Plaintiff seeks to enforce exceeds $75,000, exclusive of interest and costs.

4. Alternatively, supplemental jurisdiction lies under 28 U.S.C. § 1367(a) because this counterclaim forms part of the same case or controversy as Plaintiff's claim on the note.

5. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the dispute occurred here, and because Plaintiff chose this forum by filing the removed N.Y. C.P.L.R. § 3213 motion in New York Supreme Court, County of New York.

### FACTUAL ALLEGATIONS

6. Plaintiff claims that she paid for Defendant's education. Plaintiff also claims that when she made these payments, she did so pursuant to an explicit, verbal agreement with Defendant that Defendant would pay her back for all such payments.

4

7. Plaintiff alleges that the parties subsequently put this agreement in writing, in an alleged promissory note (the "Note").

8. To the extent that Plaintiff paid for any of Defendant's education, she did so with the intent to give a gift, not to extend a loan.

9. Since then, Plaintiff has stated on multiple occasions, in writing, that any money she contributed for Defendant's educational expenses were a gift.

10. At the time the parties allegedly entered into their verbal agreement, Defendant was a minor under New York law.

11. At the time the parties allegedly memorialized this agreement in writing, the relevant consideration consisted solely of past acts. The Note does not identify with any specificity what the past acts constituting the relevant consideration are.

12. Defendant incorporates by references all other defenses pleaded in the Answer.

## COUNTERCLAIM
## (Declaratory Judgment)

13. Based on Plaintiff's filing of this action, an actual controversy has arisen and now exists between the parties about the enforceability of the purported promissory note, attached as Exhibit A to the Initial Pleading.

14. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Defendant requests a declaration by the Court that the purported promissory note is unenforceable.

15. Absent a declaration that settles the parties' rights, Plaintiff will continue to assert liability and threaten future litigation. Only a declaratory judgment will resolve the dispute and afford the parties certainty.

16. Defendant incorporates by reference all defenses pleaded in the Answer.

**PRAYER FOR RELIEF**

**WHEREFORE**, Defendant Michael Chang respectfully asks that this Court dismiss the action against Defendant in its entirety, enter judgment in his favor, declare that the Note is unenforceable, award reasonable costs and fees, including attorney's fees, and grant him such other and further relief as the Court deems just and proper.


Dated: June 16, 2025                              Respectfully submitted,
       New York, NY

                                                                   /s/ Isaac Park

                                            Isaac Park
                                            Law Offices of Isaac Park, LLC
                                            5 Minetta St. #4C
                                            New York, NY 10012
                                            Telephone:  (901) 831-7177
                                            isaac@parklaw.org

                                            *Attorney for Defendant*