UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH CHANG,

      *Plaintiff*,

-against-

MICHAEL CHANG.

      *Defendant*.

Case No. 1:25-cv-04917 (PAE)

Hon. Paul A. Engelmayer

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK**

**BAKER BOTTS L.L.P.**

Andrew M. Lankler
Sarah Reeves
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-2500
andrew.lankler@bakerbotts.com
sarah.reeves@bakerbotts.com

*Attorneys for Plaintiff Sarah Chang*

# TABLE OF CONTENTS

Page

**INTRODUCTION AND BACKGROUND** ............................................................................... 1

**LEGAL STANDARD** ................................................................................................................ 2

**ARGUMENT** ............................................................................................................................. 2

**CONCLUSION** ......................................................................................................................... 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Admae Enterprises, Ltd. v. Smith*,
    222 A.D.2d 471 (2d Dept. 1995) ...................................................................................3

*Breco Equities, LLC v. Whitehead*,
    No. 22 Civ. 8683 (NRB), 2023 WL 5180141 (S.D.N.Y. Aug. 11, 2023) ................................5

*Cow Bay Sprinkler Corp. v. Houston Casualty Co.*,
    No. 19 Civ. 5854 (LDH), 2020 WL 9812929 (E.D.N.Y. Feb. 1, 2020) ...................................4

*DiMatos v. DiMatos*,
    221 A.D.2d 309 (2d Dept. 1995) ...................................................................................3

*Estate of Essig v. Essig*,
    196 A.D.3d 1055 (4th Dept. 2021) ...............................................................................3

*Libeson v. Copy Realty Corp.*,
    167 A.D.2d 376 (2d Dept. 1990) ...................................................................................3

*Lupo v. Hum. Affs. Int'l, Inc.*,
    28 F.3d 269 (2d Cir. 1994)............................................................................................2

*Meding v. Receptopharm, Inc.*,
    462 F. Supp. 2d 348 (E.D.N.Y. 2006) .............................................................................4

*Ortiz v. Eagle Family Foods Grp. LLC*,
    No. 24 Civ. 9861, 2025 WL 951089 (S.D.N.Y. Mar. 28, 2025) ..............................................3

*Pollock v. Trustmark Ins. Co.*,
    367 F. Supp. 2d 293 (E.D.N.Y. 2005) .........................................................................3, 4

*Rubin v. MasterCard Int'l, LLC*,
    342 F. Supp. 2d 217 (S.D.N.Y. 2004)..............................................................................2

*Squillante v. Cigna Corp.*,
    No. 12 Civ. 6003, 2012 WL 5974074 (S.D.N.Y. Nov. 28, 2012) .......................................2, 4

*UBS AG, London Branch v. Greka Integrated, Inc.*,
    No. 21 Civ. 1385, 2022 WL 2297904 (2d Cir. 2022)............................................................5

**STATUTES**

28 U.S.C. § 1332(a) ..................................................................................................................2

28 U.S.C. § 1441(a) ...................................................................................................................... 2

**OTHER AUTHORITIES**

CPLR § 3213 ....................................................................................................................... 1, 4, 5

Fed. R. Civ. P. 56 ........................................................................................................................ 5

Plaintiff Sarah Chang ("Plaintiff" or "Ms. Chang") submits this brief in support of her motion to remand for lack of subject matter jurisdiction.

### INTRODUCTION AND BACKGROUND

Through her motion, Ms. Chang seeks to remove this action back to its original forum, New York Supreme Court, as this Court has no subject matter jurisdiction. Ms. Chang brought this action to enforce the terms of a promissory note (the "Note") executed by defendant, Michael Chang (the "Defendant") on May 27, 2022. See Memorandum in Support of Motion for Summary Judgment in Lieu of Complaint, (ECF No. 1-1) at 9.[1] Pursuant to the Note, Defendant agreed to pay Ms. Chang the principal amount of $1,464,584.04 (USD), together with interest of 2.63%, in 300 consecutive monthly installments of $6,666.67 (USD) each, beginning in January 2023 and ending December 2047, or through an aggregate payment of $2,000,000 (USD), which includes both principal and the agreed interest. *Id.* at 10. Defendant made payments from January 2023 through November 2024, but has not made any payments since then. *Id.*

Pursuant to CPLR § 3213, Ms. Chang filed a Motion for Summary Judgment in Lieu of a Complaint on June 9, 2025, seeking to recover the six monthly payments Defendant is currently overdue, which total $40,000.02. *Id.* at 10, 12.

On June 11, 2025, before Plaintiff could effectuate service, Defendant removed the action to this forum.[2] See Notice of Removal (ECF No. 1). Defendant's removal papers allege that this court has diversity jurisdiction over the matter as there is complete diversity of citizenship between

---

[1] Page numbers cited herein for ECF No. 1-1 refer to the blue docket page numbers stamped by this Court at the top of the pages filed as Exhibit A.

[2] Defendant's removal was procedurally improper, as he attached documents that were pending review by the New York Supreme Court clerk. One of the documents he attached (ECF No. 1-1 at 2) was rejected by the Clerk and replaced with a corrected version, which Defendant failed to attach to his motion. Defendant has not yet filed approved, stamped versions of the documents with this Court (they are collectively attached here as Exhibits A-G).

1

the parties and the amount in controversy is over $75,000, improperly alleging that Defendant owes Plaintiff more than $1.8 million under the terms of the Note. *Id.* at 2-3. However, Ms. Chang is not currently seeking to recover the full amount of the note, but rather only those amounts currently due and payable, along with any amounts that become overdue and payable while the litigation is pending. ECF No. 1-1 at 10, 12.

## LEGAL STANDARD

A civil action filed in a state court may only be removed by a defendant if the district courts of the United States have original jurisdiction over the matter. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over cases "between . . . citizens of different states," where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a).

"In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994). In evaluating whether a case is properly in federal court or should be remanded back to state court, "all uncertainties are resolved in favor of remand in order to promote the goals of federalism, restrict federal court jurisdiction, and support the plaintiff's right to choose the forum." *Rubin v. MasterCard Int'l, LLC*, 342 F. Supp. 2d 217, 218 (S.D.N.Y. 2004). Moreover, the removing party bears the burden of proving federal removal jurisdiction. *Id.* at 219.

## ARGUMENT

This Court lacks subject matter jurisdiction as the amount in controversy between the parties is less than $75,000. The amount in controversy and thus, the existence of subject matter jurisdiction over an action, and are to be determined as of the time of removal. *See Squillante v.*

*Cigna Corp.*, No. 12 Civ. 6003, 2012 WL 5974074, at *2 (S.D.N.Y. Nov. 28, 2012). Post-filing events and damages that accumulate during the pendency of the action do not affect the amount in controversy as of the date of removal. *See Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 299 (E.D.N.Y. 2005) ("[T]he amount in controversy is established as of the date of the complaint (or of the notice of removal) and is not reevaluated based on post-filing events.") (internal citations and quotations omitted).

The amount in controversy at both the time of filing of Ms. Chang's motion as well as the date of removal was $40,000.02. In fact, at the time of removal, Ms. Chang was not entitled to recover any more than that under New York law. Without an acceleration clause in the Note, Ms. Chang cannot recover the principal on the Note, but rather is only able to recover each installment as it becomes due. *See Libeson v. Copy Realty Corp.*, 167 A.D.2d 376, 377 (2d Dept. 1990) ("As a general rule, in the absence of an acceleration clause providing for the entire amount of a note to be due upon the default of any one installment, the respondents were only entitled to recover past due installments . . . "); *see also Estate of Essig v. Essig*, 196 A.D.3d 1055, 1057 (4th Dept. 2021); *DiMatos v. DiMatos*, 221 A.D.2d 309 (2d Dept. 1995); *Admae Enterprises, Ltd. v. Smith*, 222 A.D.2d 471, 472 (2d Dept. 1995) ("[B]ecause the parties' agreement did not contain an acceleration clause providing for the entire balance to be due upon the default of any one installment . . . plaintiff was entitled to recover only the amount of the installments past due at the time of trial[.]"). A calculation of the amount in controversy cannot include damages Ms. Chang is not entitled to under state law. *See Ortiz v. Eagle Family Foods Grp. LLC*, No. 24 Civ. 9861, 2025 WL 951089, at *3 (S.D.N.Y. Mar. 28, 2025) (collecting cases in this circuit where the court excluded treble damages, liquidated damages, and monetary damages from amount in controversy

calculations under CAFA because the respective plaintiffs were not able to recover those damages under state law).

Moreover, courts have consistently acknowledged that the amount in controversy is limited only to damages that have accrued at the time the case was filed in federal court. *See Cow Bay Sprinkler Corp. v. Houston Casualty Co.*, No. 19 Civ. 5854 (LDH), 2020 WL 9812929, at *3 (E.D.N.Y. Feb. 1, 2020) ("To determine the amount in controversy for diversity purposes however, the Court looks only at the alleged damages as they had accrued when the notice of removal was filed."); *Squillante*, 2012 WL 5974074, at *2 (in action to recover past due benefits, calculating the amount in controversy as equal to the amount in arrears at the time the action was commenced); *Pollock*, 367 F. Supp. at 299 ("As an action for damages on a breach of contract, this litigation is over unpaid installments as of the date of the removal notice, and it is these unpaid installments . . . which make up the amount in controversy.").

Ms. Chang's motion seeks only recovery of the currently past-due payments, which presently total $40,000.02—far less than the jurisdictional threshold of $75,000. While her motion did note that she would continue to accrue damages with each month that Defendant refused to pay while the litigation is pending, those potential, unaccrued damages should not be considered in calculating the amount in controversy. *See, e.g., Pollock*, 367 F. Supp. 2d at 299. Even if they could be considered, this litigation would need to be pending for over five months before the $75,000 minimum is met. While that timeframe might easily be met in a traditional litigation, Plaintiff did not bring a traditional litigation, but rather a motion in lieu of a complaint pursuant to CPLR § 3213. CPLR § 3213 provides a truncated procedure that aims for an expedited resolution of actions based on promissory notes, judgments or accounts stated. *See Meding v. Receptopharm, Inc.*, 462 F. Supp. 2d 348, 348-49 (E.D.N.Y. 2006). It is Defendant who appears to want to prolong

this dispute by removing it to federal court and incorrectly treating Plaintiffs' motion like a complaint.[3]  See ECF No. 8 (filing an "Answer to Complaint" and "Counterclaims"). With an amount in controversy plainly below the jurisdictional requirements, this Court does not have subject matter jurisdiction and this action must be remanded back to New York Supreme Court.

## CONCLUSION

For the foregoing reasons, the Court should remand Ms. Chang's Motion for Summary Judgment in Lieu of a Complaint to the Supreme Court of the State of New York, County of New York.

Dated: June 23, 2025
New York, New York

Respectfully submitted,

BAKER BOTTS L.L.P.

*/s/ Andrew M. Lankler*
Andrew M. Lankler
Sarah Reeves
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-2500
andrew.lankler@bakerbotts.com
sarah.reeves@bakerbotts.com

*Counsel for Plaintiff Sarah Chang*

---

[3] Defendant's answer and counterclaims were not appropriate.  Should this action remain in this Court, Plaintiff's Motion for Summary Judgment in lieu of a Complaint pursuant to CPLR § 3213 is converted into a Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. *UBS AG, London Branch v. Greka Integrated, Inc.*, No. 21 Civ. 1385, 2022 WL 2297904, at *2 (2d Cir. 2022); *Breco Equities, LLC v. Whitehead*, No. 22 Civ. 8683 (NRB), 2023 WL 5180141, at *2 (S.D.N.Y. Aug. 11, 2023).