UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH CHANG,<br><br>　　　　*Plaintiff*,<br><br>　　　　　　v.<br><br>MICHAEL CHANG,<br><br>　　　　*Defendant*. | Case No. 25-CV-4917 (PAE)<br><br>Hon. Paul A. Engelmayer |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendant Michael Chang submits this opposition to Plaintiff's motion for remand.

## LEGAL STANDARD

Removal premised on federal diversity jurisdiction requires, among other things, an amount-in-controversy above $75,000.  *See* §§ 1332(a), 1446(a), *see Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83–84 (2014).  If the plaintiff's state court filings demand a specific sum, that sum (if offered in good faith) is "deemed to be the amount in controversy.  § 1446(c)(2).  But where, as here, the plaintiff's complaint does not state an amount in controversy, "the notice of removal may assert [it]."  § 1446(c)(2)(A).

"[T]he defendant's amount-in-controversy allegation should be accepted" if "not contested by the plaintiff or questioned by the court."  *Dart Cherokee*, 574 U.S. 81, 87 (2014).  Otherwise, the defendant bears the burden to demonstrate, "by the preponderance of the evidence," that the amount in controversy exceeds $75,000.  § 1446(c)(2)(B).  They must do so by "competent proof."  *Gregory Wayne Designs, LLC v. Lowry*, No. 24-CV-2109-PAE, 2024 WL 3518584, at *3 (S.D.N.Y. July 24, 2024).  Reviewing courts "look first to the plaintiffs'

1

complaint" and to the "petition for removal," *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000), and then (if necessary) "outside those pleadings to other evidence in the record," *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

**ARGUMENT**

Plaintiff has conceded two things that, together, suffice to defeat her motion for remand. First, as Plaintiff asserts in her motion papers, she will "continue to accrue damages with each month that Defendant refuse[s] to pay." Dkt. 10 at 8. That means that after "five [more] months," the "$75,000 minimum is met." Dkt. 10 at 8. Second, as Plaintiff acknowledges in her papers, "that timeframe" is "easily . . . met in a traditional litigation." Dt. 10 at 8.

*First*, Plaintiff will indeed "continue to accrue damages with each [passing] month." Damages for future months is indeed something that Plaintiff requested, both in her state court filings and in her filings with this Court. Her state court filings requested relief that included, among other things, "judgment . . . for $40,000.02, and accruing each month that Defendant continues to decline payment." Dkt. 1-1 at 12. And here, in federal court, Plaintiff has acknowledged that her initial filing seeks "amounts currently due and payable" on the note, plus "any amounts that become overdue and payable while the litigation is pending." Dkt. 10 at 2.

It follows that the amount in controversy includes all amounts that become payable while the litigation is pending. The Supreme Court has thrice affirmed that the amount in controversy can include post-complaint or post-removal damages.[1] Most explicitly, in *Aetna Casualty &*

[1] Courts in the Southern District follow this rule. *See Cheung v. Union Central Life Ins. Co.*, 269 F. Supp. 2d. 321, 323 (S.D.N.Y. 2003) (holding that the amount in controversy in a dispute over an insurance policy was its "endowment value"—*i.e.*, the "cash surrender value at the end of thirty years, assuming payment of all premiums").

*Surety Co. v. Flowers*, 330 U.S. 464 (1947), the Court found that the value of future installment payments should be included in the amount in controversy if "the right to all the payments is at issue." *Id.* at 468. On this point, the Court was firm:

> Nor does the fact that it cannot be known as a matter of absolute certainty that the amount which may ultimately be paid, if respondent prevails, will exceed $3,000, mean that the jurisdictional amount is lacking. This Court has rejected such a restrictive interpretation of the statute creating diversity jurisdiction. It has held that a possibility that payments will terminate before the total reaches the jurisdictional minimum is immaterial if the right to all the payments is in issue. Future payments are not in any proper sense contingent, although they may be decreased or cut off altogether by the operation of conditions subsequent.

Id. at 468; see also *Weinberger v. Wiesenfeld,* 420 U.S. 636, 642 n. 10, 95 S.Ct. 1225 (1975) (holding that the present value of future Social Security benefits could be included in the amount in controversy); *Brotherhood of Locomotive Firemen & Enginemen v. Pinkaton,* 293 U.S. 96, 55 S.Ct. 1 (1934) (similar).

Under these precedents, the relevant inquiry turns on state law. *See Flowers*, 330 U.S. at 467 (analyzing the "Tennessee statute which creates liability"). And here, New York law plainly permits a plaintiff to collect for future months. In *Libeson v. Copy Realty Corp.*, 167 A.D.2d 376 (N.Y. App. Div. 1990) (a case cited by Plaintiff), the Second Department's Appellate Division could not have been clearer. There, "[a]s of the time this action was commenced . . . [defendants] were in default on 13 installments." *Id.* at 377. And "[a]s of the time of trial . . . defendants had defaulted on a total of 36 installments." *Id.* The court concluded that the plaintiffs "may recover for the 36 unpaid installments." *Id.* (noting that the court was "[c]onforming the pleadings to the proof"). In *Essig ex rel. Essig v. Essig*, 196 A.D.3d 1055 (N.Y. App. Div. 2021) (also cited by Plaintiff), the Fourth Department's Appellate Division held that the "plaintiff was entitled to recover 'only the amount of the installments past due *at the time of trial*.'" *Id.* at 1057 (emphasis added.) Other New York cases confirm this rule. *See Admae*

3

*Enters., Ltd. v. Smith*, 222 A.D.2d 471, 472 (N.Y. App. Div. 1995) (recovery limited to "installments past due *at the time of trial*" (emphasis added)).

Plaintiff responds by claiming that the amount in controversy remains $40,000.02, as that is what she was entitled to recover "at the time of removal." Dkt. 10 at 3. But that is not the relevant jurisdictional fact. As the Supreme Court and Second Circuit have recognized, and as New York law confirms, Plaintiff's potential recover extends to payments past due at the time of trial. That won't be for months, if not years.

*Second*, then: the only question that remains is whether this case can be expected to last long enough for Plaintiff's claim for damages to reach the jurisdictional minimum. The answer is yes; this case is reasonably likely to take at least five months to reach resolution. Of course, this Court is likely already aware that it does not usually take only five months to litigate cases to completion in the Southern District. *Cf. In re Interest Rate Swaps Antitrust Litig.*, No. 16-MD-2704, 2018 WL2332069, at *22 (providing an "estimate, informed by [the Court's] experience managing [similar cases]" of the "delay" that would result from permitting an amendment to the complaint). Sensibly, Plaintiff does not attempt to argue to the contrary, acknowledging that a five-month "timeframe [is] easily met in a traditional litigation." Dkt. 10 at 8.

Lest there be any doubt, however, statistics compiled by the federal courts confirm that a five-month delay would be perfectly ordinary. The median length of time it takes to dispose of a case in the Southern District of New York is 6.4 months. *See* United States Courts, Statistical Tables for the Federal Judiciary, U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases Terminated, by District and Method of Disposition, During the 12-Month Period Ending September 30, 2024, tbl. C-5 (Sept. 2024),

4

https://www.uscourts.gov/sites/default/files/2024-12/jb_c5_0930.2024.pdf.  Of course, for cases that go to trial, the delay is longest, at 37.4 months.  *See id.*  For cases that are terminated after discovery is complete, the median timeline is 13.2 months.  And even for cases that are terminated prior to discovery—on a preanswer motion, for example—the median delay is still 6.0 months.  *See id.*  So there is very little reason to think that this case would reach an end before November of this year.  *Cf. Flowers*, 330 U.S. at 468 ("[f]uture payments" included because "there is no suggestion that by reason of life expectancy or law of averages the maximum amount recoverable can be expected to fall below the jurisdictional minimum").

Plaintiff's only rejoinder is to argue that the expected length of this case should be measured from the point of view of New York's procedural law.  *See* Dkt. 10 at 9 (arguing that a proceeding under CPLR § 3213 is "truncated" and yields an "expedited resolution").  But New York's rules of procedure no longer supply the relevant metric.  "[W]hen this case was removed to federal court, the regime of the Federal Rules replaced that of § 3213."  *UBS AG, London Branch v. Greka Integrated, Inc.*, 2022 WL 2297904, at *2 (2d Cir. 2022).

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Remand.

Dated: July 16, 2024                                Respectfully submitted,

                                                    _____/s/ Isaac Park_____

                                                    Isaac Park (NY Bar No. 5708482)
                                                    5 Minetta St.
                                                    New York, NY 10012
                                                    Telephone:  (901) 831-7177
                                                    isaac@parklaw.org

                                                    *Attorney for Defendant*

5

## CERTIFICATE OF SERVICE

      I hereby certify that on July 16, 2024, I served this Opposition on counsel for Defendants via ECF.

                                                        _____/s/ Isaac Park_____

                                                        Isaac Park
                                                        *Attorney for Defendant*