UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SARAH CHANG,

      *Plaintiff*,

-against-

MICHAEL CHANG.

      *Defendant*.

Case No. 1:25-cv-04917 (PAE)

Hon. Paul A. Engelmayer

**REPLY MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR REMAND TO THE SUPREME COURT OF THE STATE OF NEW YORK, COUNTY OF NEW YORK**

**BAKER BOTTS L.L.P.**

Andrew M. Lankler
Sarah Reeves
30 Rockefeller Plaza
New York, NY 10112
Tel: (212) 408-2500
andrew.lankler@bakerbotts.com
sarah.reeves@bakerbotts.com

*Attorneys for Plaintiff Sarah Chang*

## **TABLE OF CONTENTS**

**Page**

ARGUMENT ................................................................................................................................. 1

    A.    Defendant misconstrues jurisdictional case law. ..................................................... 1

    B.    The amount in controversy is fixed at the time of removal and cannot be predicated on future damages. ................................................................................ 2

    C.    Even under Defendant's theory, the filing of this proceeding under CPLR § 3213 confirms the absence of jurisdiction. ...................................................................... 4

    D.    Defendant has not met—and cannot meet—his burden of proving federal jurisdiction. .............................................................................................................. 5

CONCLUSION .............................................................................................................................. 5

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Admae Enterprises, Ltd. v. Smith*,
    222 A.D.2d 471 (2d Dept. 1995) ...................................................................................2

*Breco Equities, LLC v. Whitehead*,
    No. 22 Civ. 8683 (NRB), 2023 WL 5180141 (S.D.N.Y. Aug. 11, 2023) ...............................4

*Estate of Essig v. Essig*,
    196 A.D.3d 1055 (4th Dept. 2021) ..................................................................................2

*Libeson v. Copy Realty Corp.*,
    167 A.D.2d 376 (2d Dept. 1990) .....................................................................................2

*Lupo v. Hum. Affs. Int'l, Inc.*,
    28 F.3d 269 (2d Cir. 1994) ..............................................................................................5

*Meding v. Receptopharm, Inc.*,
    462 F. Supp. 2d 348 (E.D.N.Y. 2006) .............................................................................4

*Pollock v. Trustmark Ins. Co.*,
    367 F. Supp. 2d 293 (E.D.N.Y. 2005) .............................................................................2

*UBS AG, London Branch v. Greka Integrated, Inc.*,
    No. 21 Civ. 1385, 2022 WL 2297904 (2d Cir. 2022) .......................................................4

**OTHER AUTHORITIES**

CPLR § 3213 ..........................................................................................................................4

Plaintiff Sarah Chang ("Plaintiff" or "Ms. Chang") submits this reply brief in further support of her motion to remand for lack of subject matter jurisdiction. Defendant Michael Chang ("Defendant") has failed to meet his heavy burden of establishing that the amount in controversy exceeds the $75,000 jurisdictional threshold required for federal removal jurisdiction. Defendant executed and partially performed on a promissory note but then stopped making payments owing Plaintiff $40,000.02 at the time of removal. Defendant incorrectly seeks to argue that Ms. Chang will continue to accrue damages with each month that Defendant refuses to pay and that therefore Ms. Chang's requested relief will soon exceed the $75,000 jurisdictional threshold. But this argument is legally incorrect, speculative, misapplies state law, and distracts from the key point: the amount-in-controversy requirement must be satisfied at the time of removal, and not at some future date.

## ARGUMENT

### A. Defendant misconstrues jurisdictional case law.

Defendant incorrectly argues that *Aetna Casualty & Surety Co. v. Flowers,* 330 U.S. 464 (1947), allows the inclusion of future and as-yet-unearned installment payments in the amount in controversy for jurisdictional purposes. In *Flowers*, the Supreme Court addressed a Tennessee statute that specifically provided for a single action to determine the right to benefits—both present and future—in a lump-sum adjudication. *Id.* at 467-68. The Court made clear that its reasoning was limited to situations where the entirety of the future payments was at issue in a single proceeding. Critically, the Court distinguished such cases from those, like the present one, "where judgment could be entered only for the installments due at the commencement of the suit," and explicitly stated that "future installments could not be considered" in determining the amount in controversy in those circumstances. *Id.* at 467. But in this case, Ms. Chang seeks only to recover amounts past due and does not challenge the validity of the Note or seek to recover its full value.

1

Similarly, Defendant's reliance on *Cheung v. Union Central Life Insurance Co.*, 269 F. Supp. 2d 321 (S.D.N.Y. 2003), is misplaced. *Cheung* involved an action seeking reinstatement of an insurance policy or, alternatively, compensatory damages, where the entire value of the contract was necessarily at stake because the litigation would determine whether the policyholder was entitled to the full benefit of the policy, "which would be in excess of $88,000." *Id.* at 323-24. In contrast, Plaintiff here does not challenge the validity of the Note and seeks only to recover specific overdue installments rather than the full value of the Note. The remaining balance of the Note is not in dispute and cannot be used to artificially inflate the amount in controversy for jurisdictional purposes.

### B. The amount in controversy is fixed at the time of removal and cannot be predicated on future damages.

The amount in controversy for purposes of federal removal jurisdiction is "established as of the date of the complaint (or of the notice of removal) and 'is not reevaluated based on post-filing events.'" *Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 299 (E.D.N.Y. 2005). In other words, the amount-in-controversy requirement must be satisfied at the time of removal, not at some speculative future date.

Faced with this undeniable reality, Defendant attempts to circumvent this settled rule by arguing that because New York courts adjudicating missed installment cases include payments through the conclusion of trial (*see* Opp. at 3) that this Court, *for jurisdictional purposes,* should project potential future damages based on the anticipated duration of the litigation. Defendant argues that New York law "plainly permits a plaintiff to collect for future months," *id.*, and with a bootstrapping sleight of hand leaps to the conclusion that a right, under state law, to recover for continued unpaid installments due at the conclusion of trial must therefore mean that the jurisdictional amount in controversy can be satisfied by as-yet-unpaid installments. But the case

2

law Defendant cites does not address the jurisdictional amount-in-controversy requirement. *See generally Libeson v. Copy Realty Corp.*, 167 A.D.2d 376, 377 (2d Dep't 1990); *Estate of Essig v. Essig*, 196 A.D.3d 1055, 1057 (4th Dep't 2021); *Admae Enterprises, Ltd. v. Smith*, 222 A.D.2d 471, 472 (2d Dep't 1995).

Amounts that are speculative as of the time of removal cannot be counted towards satisfying the amount-in-controversy requirement. *Arrigo v. Scholarship Storage, Inc.*, No. CA 10-11650-MLW, 2011 WL 3584715, at *6 (D. Mass. Aug. 10, 2011). In *Arrigo*, concededly a Massachusetts case, the District Court for the District of Massachusetts observed that the defendants were "incorrect in asserting that any damages accruing between removal and trial should be counted towards the amount in controversy," because "if it is not clear at the time of removal that the judgment will create an obligation to pay monies not yet due to the plaintiff, those monies cannot be counted towards the amount in controversy, even if they later actually become due." *Id.* The court further made clear that in installment contract cases, the amount in controversy is generally limited to the amount then due and owing even if a judgment would have collateral estoppel effects on liability for future payments, because "defendants [as a practical matter] could decide at any point to begin paying future installments and, thereby, limit their potential liability and the amount in controversy." *Id.*

Key to the court's determination was that the defendants "could have decided at any time after removal to reclassify Arrigo as an employee," and had they done so "before mid-November, 2010, Arrigo's damages … would have been capped at less than $75,000. That defendants apparently did not reclassify Arrigo before mid-November, 2010, does not mean that it was clear at the time of removal that they would not do so. At the time of removal, then any continuing

3

damages Arrigo might suffer were speculative and, accordingly, cannot now be counted towards satisfying the amount in controversy requirement in this case." *Id.*

Here, Defendant claims that "this case is reasonably likely to take at least five months to reach resolution," offers various statistics about the length of time it takes to dispose of a case in the Southern District of New York, and concludes that "there is very little reason to think that this case would reach an end before November of this year," with the implication that the amount-in-controversy requirement is satisfied because the five months is almost certain to come to pass. But Defendant ignores that at any point in time, Defendant could choose to resume payments under the Note. Any continuing damages Ms. Chang might suffer are speculative and accordingly cannot be counted towards satisfying the amount in controversy requirement in this case.

C. **Even under Defendant's theory, the filing of this proceeding under CPLR § 3213 confirms the absence of jurisdiction.**

Plaintiff commenced this action under CPLR § 3213, which allows a plaintiff to seek summary judgment in lieu of a complaint for claims based on an instrument for the payment of money only, such as a promissory note. The purpose of this procedure is to provide an expedited and efficient resolution of straightforward payment defaults, avoiding the delays and complexities of ordinary litigation. *See Meding v. Receptopharm, Inc.*, 462 F. Supp. 2d 348, 348-49 (E.D.N.Y. 2006). Upon removal to federal court, the CPLR § 3213 motion is treated as a motion for summary judgment under Federal Rule of Civil Procedure 56, not as the initiation of a full-scale, plenary lawsuit. *See UBS AG, London Branch v. Greka Integrated, Inc.*, 2022 WL 2297904, at *2 (2d Cir. 2022); *Breco Equities, LLC v. Whitehead*, 2023 WL 5180141, at *2 (S.D.N.Y. Aug. 11, 2023). Defendant's reliance on median timelines for ordinary civil actions in this District is therefore misplaced. The timeline here is fundamentally different: Rule 56 provides a direct and often rapid

4

path to judgment, particularly where, as here, the only dispute concerns the amount currently overdue and there are no genuine issues of material fact regarding liability.

## D. **Defendant has not met—and cannot meet—his burden of proving federal jurisdiction.**

Federal courts are required to "construe the removal statute narrowly, resolving any doubts against removability." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994). At the time of removal, the amount in controversy in this case was $40,000.02—well below the $75,000 threshold required for federal diversity jurisdiction. Defendant's effort to aggregate hypothetical, unaccrued future installments and to rely on speculative projections about how long the litigation might last does not satisfy his admittedly heavy burden to demonstrate, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. § 1446(c)(2)(B). This he must do by "competent proof." *Gregory Wayne Designs, LLC v. Lowry*, No. 24-CV-2109-PAE, 2024 WL 3518584, at *3 (S.D.N.Y. July 24, 2024). Accepting Defendant's approach would mean that virtually any routine collection action on an installment note could be removed to federal court based solely on a defendant's conjecture about possible future delays, undermining the clear intent of Congress to restrict federal jurisdiction and preserve the plaintiff's right to choose the forum. Such a result is contrary to both the letter and spirit of the law.

## CONCLUSION

For the foregoing reasons, the Court should remand Ms. Chang's Motion for Summary Judgment in Lieu of a Complaint to the Supreme Court of the State of New York, County of New York.

| | |
|---|---|
| Dated: July 30, 2025<br>New York, New York | Respectfully submitted,<br><br>BAKER BOTTS L.L.P.<br><br>*/s/ Andrew M. Lankler*<br>Andrew M. Lankler<br>Sarah Reeves<br>30 Rockefeller Plaza<br>New York, NY 10112<br>Tel: (212) 408-2500<br>andrew.lankler@bakerbotts.com<br>sarah.reeves@bakerbotts.com<br><br>*Counsel for Plaintiff Sarah Chang* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of July, 2025, a copy of the foregoing Reply Memorandum of Law in Support of Plaintiff's Motion for Remand to the Supreme Court of the State of New York, County of New York, was filed with the clerk of the court of the United States District Court for the Southern District of New York and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

*/s/ Andrew M. Lankler*
Andrew M. Lankler
