UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SARAH CHANG,<br><br>*Plaintiff*,<br><br>v.<br><br>MICHAEL CHANG,<br><br>*Defendant*. | Case No. 25-CV-4917 (PAE)<br><br>Hon. Paul A. Engelmayer |

### DEFENDANT'S SUR-REPLY IN FURTHER OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

Defendant Michael Chang respectfully submits this sur-reply to address two issues raised for the first time in Plaintiff's Reply Memorandum of Law. *See, e.g.*, Order and Opinion at 2, *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Am. Boat Co, LLC*, No. 11-CV-6804 (S.D.N.Y. Jan. 6, 2012) (Engelmayer, J.) (granting leave to file a sur-reply because "[c]ourts have broad discretion to consider arguments in a sur-reply . . . particularly so when new arguments are put forth in a reply brief" (internal quotation marks omitted) (quoting *Newton v. City of N.Y.*, 738 F. Supp. 2d 397, 417 n.11 (S.D.N.Y. 2010))).

Two aspects of Plaintiff's Reply merit a sur-response. First, Plaintiff devotes a full page of the Reply to the new *Arrigo v. Scholarship Storage, Inc.*, 2011 WL 3584715 (D. Mass. Aug. 10, 2011) (a case that was not cited in her original papers). Second, Plaintiff objects to federal jurisdiction on the novel ground that Defendant may, "at any point in time . . . choose to resume payments under the Note," which therefore renders any claim to future damages "speculative." Dkt. 16 at 7. The first amounts to an unusually egregious misstatement of the relevant law. The second is merely wrong.

1

1.

Plaintiff states the rule that "[t]he amount in controversy is fixed at the time of removal and cannot be predicated on future damages." Dkt. 16 at 5. And in support, she invokes, for the first time in her Reply, *Arrigo v. Schol. Storage, Inc.*, No. 10-CV-11650, 2010 WL 3584715 (D. Mass. Aug. 10, 2011). In so doing, she candidly acknowledges that *Arrigo* is an out-of-district case. Happily, though, the law in the District of Massachusetts is the same as in the Southern District of New York, and both bodies of law foreclose her argument. *Arrigo* itself could scarcely have been clearer: "If it is [more likely than not] at the time of removal that the judgment will create an obligation to pay monies not yet due to the plaintiff, *those monies can be counted toward the amount in controversy*." *Arrigo*, 2011 WL 3584715, at *5 (emphasis added).[1] *Arrigo* clarifies—if clarification were needed—that future sums are to be "included in the amount in controversy . . . *even if those sums had not yet become due at the time of removal*." *Id.* (emphasis added).

(This is not the first time that a plaintiff has relied on that precise case (*Arrigo*) to make this precise error. In *Costello v. Whole Foods Mkt. Grp.*, No. 16-CV-10673, 2016 WL 4186927 (D. Mass. Aug. 8, 2016), the plaintiff in that case had cited *Arrigo* "for the proposition that damages accruing after removal cannot be counted towards the jurisdictional minimum." *Id.* at *5 n.7. The court's response was curt: "The plaintiff's position, that only damages already accrued by the date of removal should be considered, is incorrect." *Id.* As so there, so too here.)

---

[1] *Arrigo* uses "clear" instead of "more likely than not," but the former verbiage has since been abrogated by 28 U.S.C. § 1446(c)(2)(B), which clarified that the proper standard is "preponderance of the evidence." *See Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 88 (2014) (discussing the effect of the enactment of § 1446 in the Federal Courts Jurisdiction Clarification Act of 2011); *see also infra*.

Plaintiff also appears to read *Arrigo* not only for a rule against the inclusion of future damages *simpliciter*, but also for a rule against the inclusion of damages (future or not, it seems?) that aren't "clear at the time of removal." Dkt. 16 at 6 (quoting *Arrigo*). Now, it is true that in August 2011, *Arrigo* stated that future damages must be "clear." 2011 WL 3584715, at *5. But not long afterward, Congress changed the law. "A provision, added to § 1446 as part of the Federal Courts Jurisdiction and Venue Clarification Act of 2011" has since clarified that, in such disputes, the "court decides, *by a preponderance of the evidence*, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co. v. Owens*, 547 U.S. 81, 88 (2014) (emphasis added). *Arrigo*'s "clear" language has thus been abrogated. *See Arrigo*, 2011 WL 3584715, at *0 (noting this fact). As a result, the relevant standard is the familiar preponderance of the evidence standard.

2.

The other claim that appears for the first time in Plaintiff's reply is that her claim for future damages is rendered "speculative" because "Defendant could choose to resume payments under the Note" "at any point in time." Dkt. 16 at 7. Until this point, Defendant was not under the impression that this was a fact that was still up for grabs. But in order to make this fact pellucid, Defendant attaches an affidavit, which he plans on attaching to a Rule 12(c) motion as well, if one becomes necessary.[2] The long and the short of it is this:

- Plaintiff Sarah Chang is a world famous concert violinist. She was a child prodigy. At the age of five, she auditioned for and was accepted to Juilliard by performing the Bruch Violin Concerto. She spent her formative years performing with orchestras across the world. She has made millions of dollars performing

---

[2] To establish the amount in controversy, the Court may consider the "complaint," the "petition for removal," and "other evidence," even if "outside those pleadings." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000); *United Food & Com. Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

3

> violin, for decades now. Since then, her work has slowed, and her income has become less steady.

- Defendant, Michael Chang, her brother, was once close with his sister. In 2022, Sarah approached Michael and asked him if he would be willing to give her a certain amount each month, for the foreseeable future. At the time, Michael relented. (After all, at the time, he had no problem sending Sarah some of his paycheck every month.)

- Perhaps curiously, after some back and forth with a lawyer, Sarah landed on a very specific solution—to write the promise as a note as payback for a "loan" for "educational expenses" rather than as a "gift." Why? Michael can only speculate.[3] Last year, after Sarah threatened litigation over a different dispute, Michael decided to stop giving her a monthly allowance. This lawsuit ensued.

- Michael states without equivocation that he will not willingly pay Sarah *any* future payments of $6,667, on this phony promissory note, or on anything else. Michael states this intention firmly, fully, and with no caveats or reservations.

Needless to say, this is not a "routine collection action on an installment note." Dkt. 16 at 8. For the above stated reasons, Defendant expects that there will be "genuine issues of material fact regarding liability," and that a quick summary judgment is not in the offing. Dkt. 16 at 8.

\* \* \*

Lest any of that distract: All of this leaves us where we were before. The relevant inquiry is, taking the facts known at removal, whether the amount in controversy requirement has been met by a preponderance of the evidence. And please take note—above all else—that Plaintiff still does not contest two fundamental truths: (1) in five months, the amount owed to her (on her own view of the law and facts) will exceed $75,000, and (2) in the Southern District of New York, most cases can be expected to last longer than five months. Because Defendant has shown that both of these propositions are more likely true than not, *see Dart Cherokee*, 574 U.S. at 88–89, federal jurisdiction is secure, and Plaintiff's motion lacks merit.

---

[3] It seems reasonable to assume—and Michael plans on proving at trial—that either Sarah's intent was to shelter income from the IRS by making up a $2 million "loan" to her brother, or to guard against a future IRS audit by keeping a phony promissory note at hand.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's Motion for Remand.

Dated: July 30, 2025               Respectfully submitted,

                                   _____/s/ Isaac Park_____

                                   Isaac Park (NY Bar No. 5708482)
                                   5 Minetta St.
                                   New York, NY 10012
                                   Telephone: (901) 831-7177
                                   isaac@parklaw.org

                                   *Attorney for Defendant*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 31, 2025, I served this Opposition on counsel for Defendants via ECF.

                                       /s/ Isaac Park

                                      Isaac Park
                                      *Attorney for Defendant*