UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SARAH CHANG,

                                        Plaintiff,

                    -v-

MICHAEL CHANG,

                                        Defendant.

---

25 Civ. 4917 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

Defendant Michael Chang ("Michael") removed this case from New York State Supreme Court to this Court based on diversity jurisdiction.[1]  Plaintiff Sarah Chang ("Sarah"), his sister, now moves to remand to state court.  For the reasons that follow, the Court grants the motion.

## I.      Factual and Procedural Background[2]

This action arises out of an agreement by Michael to reimburse Sarah for paying for his educational expenses.  *See* Dkt. 1-1 (the "CPLR 3213 motion") at 4.  On May 27, 2022, Michael executed a promissory note (the "Note").  In the one-paragraph agreement, Michael promised to pay Sarah (1) a principal amount of $1,464,584.04, together with interest of 2.63%, in 300 consecutive monthly installments of $6,666.67, beginning in January 2023 and ending in December 2047, or (2) an aggregate payment of $2 million, covering principal plus interest.  *Id.*; *see* Dkt. 10-5 (copy of executed promissory note).  Between January 2023 and November 2024,

---

[1] The parties are completely diverse as required by 28 U.S.C. § 1441(b) and § 1332.  Sarah is a Pennsylvania citizen, and Michael is a New York citizen.  *See* Dkt. 1 ("Removal Notice") ¶ 4; Dkt. 1-1 at 1.  The Court accordingly directs its analysis to the sole disputed element, the amount in controversy.

[2] The Court's account of the facts is based on the parties' filings in state court initiating and removing this action, and their submissions on the instant remand motion.  *See Hudson Priv. LP v. Creative Wealth Media Fin. Corp.*, 629 F. Supp. 3d 237, 238 n.1 (S.D.N.Y. 2022).

Michael made monthly payments of $6,666.67, *see* Dkt. 10-6 (Michael's payment history), but he has since failed to do so, CPLR 3213 motion at 4.

On June 9, 2025, Sarah filed an action in New York State Supreme Court against Michael. *See* Dkt. 1-1. It claimed he had defaulted on the amounts due after November 2024 through the date of the action. CPLR 3213 motion at 4. In lieu of filing a complaint, Sarah filed a summons and an accompanying motion for summary judgment, pursuant to New York Civil Practice Law and Rule § 3213. *See id.* She sought $40,000.02 in principal, contractual interest at the rate of 2.63% per month through the date of collection, and attorney's fees and costs. *Id.*

On June 11, 2025, before Sarah effected service, Michael removed the matter to federal court, claiming that subject matter jurisdiction was proper based on diversity jurisdiction. *See* Dkt. 1. On June 23, 2025, Sarah filed a motion to remand to state court, Dkt. 9, a memorandum of law, Dkt. 10 ("Pl. Mem."), and a supporting declaration with attached exhibits, Dkt. 10-4 ("Pl Decl."). Sarah's motion argued that removal had been improper, because the amount-in-controversy requirement for diversity jurisdiction had not been met. Pl. Mem. at 1–5. On June 25, 2025, this Court adjourned a scheduled initial pretrial conference, pending resolution of the motion to remand. Dkt. 13. On July 16, 2025, Michael opposed remand. Dkt. 15 ("Def. Mem."). On July 30, 2025, Sarah replied. Dkt. 17 ("Pl. Reply"). On July 31, 2025, with leave of this Court, *see* Dkt. 20, Michael filed a sur-reply. Dkt. 21 ("Def. Sur-Reply").

## II.    Applicable Legal Standards

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have original jurisdiction over cases "between . . . citizens of different states" where the amount in controversy exceeds $75,000. *Id.*

§ 1332(a)(1).  Diversity jurisdiction under § 1332(a) "requires complete diversity between all plaintiffs and defendants." *Pampillonia v. RJR Nabisco Inc.*, 138 F.3d 459, 460 (2d Cir. 1998).

On a motion to remand, "the [removing] defendant bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (citation omitted).  "[R]emoval statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand." *Am. Standard, Inc. v. Oakfabco, Inc.*, 498 F. Supp. 2d 711, 715 (S.D.N.Y. 2007) (citation omitted); *see also Hill v. Delta Int'l Mach. Corp.*, 386 F. Supp. 2d 427, 429 (S.D.N.Y. 2005) (grounding this principle in "respect for the independence of state courts").

### III.    Discussion

Generally, "when a defendant seeks federal-court adjudication" through removal, "the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87 (2014).  Here, Sarah contests Michael's allegation that the amount in controversy exceeds $75,000.  On such a challenge, 28 U.S.C. § 1446(c)(2)(B) instructs: "[R]emoval . . . is proper on the basis of an amount in controversy asserted" by the defendant "if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds" the jurisdictional threshold.  Given the presumption against removal, the burden rests with Michael, the removing defendant, to demonstrate by "competent proof" that Sarah's claims exceed the statutory jurisdictional amount. *Burr ex rel. Burr v. Toyota Motor Credit Co.*, 478 F. Supp. 2d 432, 438 (S.D.N.Y. 2006).  In determining whether the removing defendant has met this burden, courts "look first to the plaintiff['s] complaint and then to [the defendant's] petition for removal." *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000).  And "[w]here the pleadings themselves are inconclusive as to the amount in controversy . . . courts

3

may look outside those pleadings to other evidence in the record." *United Food & Com.*

*Workers Union v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994).

Sarah's state court complaint alleges that she seeks $40,000.02 as of May 2025, with

interest of 2.63%. CPLR 3213 motion at 4. It further pleads that, with each passing month,

Sarah is due an additional $6,666.67, plus interest. *Id.* As of August 2025, on the assumption

that the alleged nonpayment has persisted, she would be due $60,000.03 in principle, plus

interest. *See id.* Michael argues that, because the Note is valued at $2 million, the amount in

controversy more than adequately exceeds the jurisdictional amount. *See* Removal Notice ¶ 5.

Sarah counters that the amount in controversy at the time of removal is what controls for

purposes of assessing diversity jurisdiction, and that, because the Note does not include an

acceleration clause, she is entitled only to recover installments as they become due. Pl. Mem.

at 3. That amount, she argues, does not confer this Court with jurisdiction. *Id.* Sarah is correct.

The Second Circuit has held that "the existence of federal subject matter jurisdiction over

an action removed . . . is normally to be determined as of the time of removal[.]" *Hallingby v.*

*Hallingby*, 574 F.3d 51, 56 (2d Cir. 2009) (citing *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68

(1996)); *see Yong Qin Luo v. Mikel*, 625 F.3d 772, 776 (2d Cir. 2010) (collecting cases, and

finding subject matter jurisdiction where plaintiff "represented that the amount in controversy

was satisfied at the time of removal"); *Wolde–Meskel v. Vocational Instruction Project Cmty.*

*Servs., Inc.*, 166 F.3d 59, 62–63 & n.5 (2d Cir. 1999) ("time of filing" rule determines the

amount in controversy). As of June 11, 2025, the date Michael removed this action to federal

court, the amount in controversy—$40,000.02 in principle, plus interest—did not meet the

jurisdictional amount. Although the amount of controversy "is not re[-]evaluated based on post-

filing events," even as of today and assuming continued nonpayment by Michael, the amount in

controversy is still less than the jurisdictional threshold. *Hall v. EarthLink Network, Inc.*, 396 F.3d 500, 507 (2d Cir. 2005); *see Pollock v. Trustmark Ins. Co.*, 367 F. Supp. 2d 293, 299 (E.D.N.Y. 2005) ("[P]ayments which accumulate during the pendency of the action do not affect the amount in controversy as of the date of the notice of removal.").  And Sarah has repeatedly affirmed—in her complaint, CPLR 3213 motion at 4; motion for remand, Pl. Mem. at 3; reply in support, Pl. Reply at 1; and declaration, Sarah Decl. ¶¶ 6–9—that "at the time the Complaint was filed and at the time of removal, [she] was not seeking in excess of the jurisdictional threshold." *Staron Enters. Ltd. v. Cincinnati Ins. Co.*, No. 24 Civ. 576, 2024 WL 2842957, at *2 (D. Conn. June 4, 2024) (collecting cases).  Sarah's damages may come to exceed the jurisdictional threshold at a later date.  But, under Second Circuit case law, the amount of controversy is determined at the time of removal. *See Yong Qin Luo*, 625 F.3d at 776; *Hallingby*, 574 F.3d at 56.  And the amount Sarah sought, as of removal, is below the figure required to support diversity jurisdiction.

Because Michael has not met his burden to establish that the amount in controversy exceeds $75,000 as of his removal, the Court lacks jurisdiction and must grant Sarah's motion to remand. *See, e.g.*, *Ortiz v. Eagle Fam. Foods Grp. LLC*, No. 24 Civ. 9861, 2025 WL 951089, at *3–5 (S.D.N.Y. Mar. 28, 2025) (granting motion for remand because amount in controversy not met at time of removal); *Staron Enters.*, 2024 WL 2842957, at *2 (same); *Daly v. United Airlines, Inc.*, No. 17 Civ. 977, 2017 WL 3499928, at *5–6 (D. Conn. Aug. 16, 2017) (same); *In re Fosamax Prods. Liab. Litig.*, No. 6 MD 1789, 2013 WL 603187, at *3–4 (S.D.N.Y. Feb. 14, 2013) (same).

## CONCLUSION

For the foregoing reasons, the Court grants Sarah's motion for remand to New York State Supreme Court. The Clerk of Court is respectfully directed to terminate all pending motions, and to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: August 14, 2025
      New York, New York